O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN L. MENDEZ, | ) | Case No. CV 11-4721-JFW (DTB) |
| Plaintiff, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | ACTION |
| THE CONNECTED WIRED | ) | |
| SOLDIERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner currently incarcerated at the James T. Vaughn Correctional Center located in Smyrna, Delaware, lodged for filing a pro se complaint herein on June 2, 2011. Plaintiff's Complaint was handwritten and was not submitted on the Central District of California's Civil Rights Complaint form (CV-66). Plaintiff failed to pay the filing fee or file with the Court a request to proceed in forma pauperis. As such, on July 13, 2011, the Court issued an Order re Leave to File Action Without Prepayment of Filing Fee wherein the Court denied plaintiff in forma pauperis status due to plaintiff's failure to adequately demonstrate indigency and for failing to authorize disbursements from his prison trust account for payment of the filing fee, and dismissed the Complaint with leave to amend. Thereafter, on August 19, 2011, plaintiff submitted an inmate trust account statement. On August 26, 2011, the Court

1  granted plaintiff leave to proceed in forma pauperis.  Plaintiff's handwritten
2  Complaint was filed in this action on September 1, 2011.  As plaintiff's Complaint
3  was not submitted on the approved Central District Civil Rights Complaint form,
4  plaintiff did not provide the Court with his previous federal lawsuit history.  In
5  accordance with the terms of the "Prison Litigation Reform Act of 1995," the Court
6  screened the Complaint prior to ordering service, for purposes of determining whether
7  the action was frivolous or malicious; or failed to state a claim on which relief might
8  be granted; or sought monetary relief against a defendant who was immune from such
9  relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b).  On September 2, 2011, the Court
10  struck the filing of the Complaint from the docket and reminded plaintiff that his
11  Complaint was previously dismissed with leave to amend.  The Court further issued
12  an Order *sua sponte* extending plaintiff's time up to and including September 30,
13  2011, to file his First Amended Complaint. In the meantime, plaintiff submitted
14  correspondence to Court requesting an extension of time which the Court granted.
15  Plaintiff's First Amended Complaint was due on or before October 14, 2011.  Plaintiff
16  failed to file his First Amended Complaint within the allotted time, nor did he request
17  an extension of time within which to do so.  On November 1, 2011, the Court issued
18  an Order to Show Cause ordering plaintiff to show cause as to why the Court should
19  not order the action dismissed due to his failure to timely file his First Amended
20  Complaint.  Plaintiff failed to timely file a response to the Order to Show Cause, and
21  did not request an extension of time within which to do so.  However, on December
22  12, 2011, in Case No. CV11-4934-JFW (DTB), which is also pending before this
23  Court,[1] plaintiff filed a document entitled "Notice of Filing" wherein he attached
24  correspondence and docket sheets referencing seven cases he had previously
25  / / /
26
27          [1]        Plaintiff currently has 9 cases pending in this District, and in each
28  case, plaintiff states his inmate identification number as 453351.

2

1   filed in other various United States District Courts, including the Districts of Utah,
2   Iowa, Arizona, Idaho, Alaska, South Dakota and Texas.

3        Pursuant to the Prison Litigation Reform Act, a prisoner shall not be authorized
4   pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without
5   payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while
6   incarcerated or detained in any facility, brought an action . . . that
7   was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
8   upon which relief may be granted."  28 U.S.C. § 1915(g).

9        Thereafter, on December 27, 2011, the Court issued an Order to Show Cause
10  ("OSC") ordering plaintiff to show cause as to why the order granting him in forma
11  pauperis status in this matter should not be vacated, and that the action be dismissed
12  without prejudice pending payment of the full filing fee of $350.00, in light of the
13  information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

14       The Court informed plaintiff in the OSC that it had ascertained that plaintiff had
15  previously filed numerous federal lawsuits in a variety of federal judicial districts, and
16  that, in at least five (5) of these prior cases, courts had dismissed plaintiff's actions on
17  the grounds that the complaints were frivolous, malicious, or failed to state a claim
18  upon which relief may be granted.  Specifically, the Court noted the following: (1) In
19  Mendez v. United States Justice System, 04-CV-898-JJF (D. Del. March 30, 2005
20  Order) the action was dismissed after the court found that the complaint was frivolous;
21  (2) in Mendez v. James T. Vaughn Correctional Center, 05-CV-303-JJF (D. Del., Dec.
22  1, 2005 Order) the action was dismissed after the court found plaintiff could not state
23  a claim and noted that plaintiff's allegations were "vague, unspecified and rise to the
24  level of the wholly irrational"; (3) in Mendez v. Delaware Legal System, 05-CV- 304-
25  JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff
26  could not state a claim and noted that "plaintiff's allegations are nonsensical"; (4) in
27  Mendez v. Delaware State, 05-CV-305-JFF (D. Del., Dec. 1, 2005 Order) the court
28  dismissed the action after finding plaintiff could not state a claim; and (5) in Mendez

3

1  v. Delaware Psychiatric Center, 05-CV-306-JJF (D. Del., Dec. 1, 2005 Order) the
2  court dismissed the action after finding that plaintiff could not state a claim.  See also
3  Mendez v. Kemp, 08-CV-443-JJF (D. Del. July 30, 2009 Order) (citing four of
4  plaintiff's previous cases as strikes pursuant to 28 U.S.C. § 1915(g) and dismissing
5  case pursuant to § 1915(g)); see also Mendez v. One of the Connected Wired
6  Members of this Criminal Organization, 10- CV-142-JP (E.D. Pa. Jan. 22, 2010
7  Order) (same).   In each of the cases cited herein, plaintiff alleged that he was
8  incarcerated at the time the action was filed.    The Court attached as exhibits to the
9  OSC copies of the orders of dismissals from each of the above-referenced cases.

10       On January 24, 2012 plaintiff filed his Response to the OSC.  The Response
11  was virtually impossible to decipher, and essentially failed to address the facts raised
12  by the Court in the OSC.  For example, plaintiff stated "I don't have any more copies
13  of these wrotten [sic] mind and brain washings . . . and I have requested them back ...
14  for [sic] soon as I have paper, envelopes, pencils and pens, I will [sic] going to request
15  the records."  (Response at 1.)  Plaintiff attached to his Response the Court's OSC
16  along with the exhibits thereto showing the five prior cases which were dismissed
17  pursuant to 28 U.S.C. § 1915(g).

18       The Court, after reviewing plaintiff's Response and finds that plaintiff had
19  failed to show cause as to why his in forma pauperis status in this matter should not
20  be revoked pursuant to §1915(g), as plaintiff has had, on at least five prior occasions,
21  while incarcerated, brought an action that was dismissed on the grounds that it was
22  frivolous or because it failed to state a claim upon which relief could be granted.
23  Accordingly, in an order dated February 1, 2012, the Chief District Judge revoked
24  plaintiff's in forma pauperis status, and ordered him to pay the full filing fee of
25  $350.00 on or before February 10, 2012.  Plaintiff was admonished that his failure to
26  pay the full $350.00 filing fee by February 10, 2012, could result in this action being
27  dismissed without prejudice pending payment of the full filing fee.

28       As plaintiff has failed to pay the full filing fee of $350.00, within the time

allotted, the Court hereby DISMISSES this action, without prejudice, pending payment of the full filing fee.

      LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED:  March 5, 2012                             JOHN F. WALTER
                                 UNITED STATES DISTRICT JUDGE


Presented by:


David T. Bristow
United States Magistrate Judge

5